ROBERT B. S. HARGIS VS. HENRY C. CAMPBELL, SHERIFF AND ex-officio ADMINISTRATOR OF LEWIS STARLING, DECEASED.

1. A surviving partner may demand of the administrator of the deceased partner an account of the partnership business. He can also seek a Court of Equity to establish an independent claim against the deceased. Where there are no partnership assets, he may join these two subjects-matter in one bill, as in each case he has an equity which entitles him to an account, and the decree following each equity is the same. The decree in such case simply establishes the debt and directs its settlement in due course of administration.

2. Equity has jurisdiction to reform or cancel instruments obtained through fraud. Where an action at law is instituted upon such an instrument by the administrator of a deceased partner against the surviving partner, and the surviving partner brings a bill to adjust the partnership accounts, and the ascertaining the true character of the instrument is essential to the adjustment of the accounts between the parties, then a Court of Equity will enjoin the proceedings at law. In such case the fraud should be clearly proved before the instrument is reformed.

This is an appeal from the Circuit Court of Escambia county, First Judicial Circuit.

Harry C. Campbell, sheriff of Escambia county, and ex-officio administrator of Lewis Starling, deceased, sues Robert B. S. Hargis at law, the foundation of his action being a promissory note of Hargis, payable to Starling.

After the institution of this suit, Hargis files a bill against Campbell as administrator of Starling. The bill sets up—

First. A co-partnership indebtedness of Starling to Hargis.

Second. An individual and separate indebtedness of Starling to Hargis.

Third. Insolvency of Starling's estate.

Fourth. That the note, which is the basis of the suit at law, was obtained fraudulently; that Hargis, when he signed it, supposed it was a receipt for a sum of money paid him by Starling on account of an indebtedness of Starling to him. The bill alleges that Starling came into the co-partnership by a purchase of one-half of a stock in trade owned

by Hargis; that Starling paid him nine hundred dollars on this account, and that when he signed the note, he supposed it was a receipt for this sum. That sometime after the payment of this sum on this account, Starling called on him for a receipt for the amount, to which he, Hargis, readily assented, and, upon Starling's presenting a paper to him to sign, having implicit confidence in his honesty and integrity, without examination he sign it, believing it to be only a receipt for money paid for his one-half interest in the business.

The prayer of the bill is—

*First.* For an injunction to the suit at law.

*Second.* That the note may be decreed to be delivered up, to be cancelled, or to be reformed, and to be allowed as a credit to Starling against a charge for the value of one-half of the stock sold him at the time of the formation of the partnership.

*Third.* An account of the partnership, and a decree for the balance due Hargis upon partnership account, and also for the amount due by Starling for professional services as physician, not connected with the partnership.

The defendant demurred to so much of the bill as referred to the suit at law, and answered the residue. The court sustained the demurrer and dismissed the bill.

From this decree this appeal is now prosecuted.

*C. C. Yonge* and *J. F. McClellan* for Appellant.

It is not sufficient for defendant to show that plaintiff has a remedy at law, but must show that the remedy is *complete* and *adequate.* 4 W. C. C. R., 349; 3 Peters, 210.

Jurisdiction of courts of equity to compel delivery up of and cancellation of agreements, &c., is founded on administration of protective or preventive justice on the principle of *quia timet.* Story's Eq., § 694.

If actual fraud, there is strongest grounds for interference. Ib., and § 695, 700-1; 7 Ves.; ib., 44; 17 ib., 111; 3 ib., 607; 13 ib., 581.

R. B. S. Hargis v. H. C. Campbell.

In support of 2d proposition, appellant cites Story's Eq., § 663, 683.

This is a case of unsettled partnership account, and where the only remedy at law, if each partner were alive, would be by action of account, which remedy, on account of its *dilatoriness, cumbrousness* and *inconvenience* has become almost obselete. But as one of the partners in the case is dead, the action of account would not be, it being founded in privity between the parties, which privity does not exist between the representative of the deceased partner and the living partner. See Story's Eq., § 663 and 683. Justice Story says: In all matters of partnership, it may be said that, pratically speaking, courts of equity exercise an exclusive jurisdiction over the subject.

*C. W. Jones* for Respondent.

The appellee contends that there is no error in the ruling of the court, and in support of this contends—

1. That the interference of a court of equity to compel the delivery up or cancellation of instrument applies only to cases where there is danger that the same may be negotiated or where there may be apprehension of suits at some remote period when the evidence may be lost, and not to cases already in suit, and where the merits may be tried at law. Story's Eq., § 694.

The exercise is always matter of discretion with the court, and will not be interfered with by the appellate court unless arbitrarily exercised. Story's Eq., § 693 and 742.

2. It does not appear from the bill that there is anything to prevent the complainant from availing himself of any defence he may have at law. Story's Eq. Pl., 373; 9 Wheat., 532; 16 Ohio, 373; 11 Ill., 89; 2 Scam., 532; 4 ib., 312.

A court of chancery will not interfere by injunction or draw to itself a jurisdiction of which the law courts have cognizance, except there be some mistake or fraud which

deprives a party of a defense at law. Story's Eq., 875; 2 Wis., 51.

If the jurisdiction be concurrent, the court first acquiring must retain it.

The plaintiff must be, for the purposes of this argument, confined to the case made by his bill. If his charge of fraud is proven, that is an end of the case, and he asks no further relief, but charges that the estate is utterly insolvent.

If the allegations of fraud be not established, the complainant should not be allowed to resort to any secondary ground of relief. Adams' Eq., 176.

In this view of the case, there is no reason for the consideration of the alleged partnership dealings, which have nothing to do with the merits of the defense; and, further, it does not appear that the partnership account, if any such there be, may not as well be adjusted at law.

Equity takes excluse jurisdiction of partnership matters only when the proof cannot be had at law; where the remedy of law is adequate, no relief will be given in equity.

WESTCOTT, J., delivered the opinion of the court.

It might be urged that a joinder in this case, of matters growing out of a partnership with other and different matters, such as private accounts between the parties unconnected with the partnership, was an improper joinder of the subject-matter of the suit, and this was our first impression here. Under the peculiar facts of this case, however, such an objection could not be sustained, because for each subject-matter of the suit the plaintiff has a remedy in equity, and the decree following the equities embraced in each subject-matter, is precisely the same, viz : a decree establishing the debt, and directing its payment by the legal representative of the deceased intestate in due course of administration. Story's Eq. Pl., 100 ; 4 John. Ch'y, 619, 630, 843 ; 3 John. Ch'y, 58 ; 2 Cox Rep. 44 ; Cas. Temp. Talb., 217 ; 3 Atk., 572 ; 10 Ves. 38 ; 1 Mylne & Craig, 603, 626.

R. B. S. Hargis v. H. C. Campbell.

Was there any partnership stock on hand, it might require a different form of decree for each subject-matter, and perhaps that might be inadmissible, but there is no such stock. The bill alleging that the estate is insolvent, any other decree than the one indicated would be wrong; as plaintiff here, so far as the record discloses, has no lien and is entitled to no priority as against the estate, and he can get none against an insolvent estate by a decree. As to these matters, there is, therefore, abundant equity.

The next and last question necessary to be considered is, is there an equity to enjoin the proceedings at law? As a general rule, where there is a complete defence at law to an action, and there is no allegation of any defect in plaintiff's means of establishing his defence at law, nor any prayer for discovery, a court of equity will not interfere, even to stay trial. There are, however, other and peculiar equities in this case. The account between the parties arising out of the partnership cannot be adjusted until it is determined whether Starling is to be charged with one-half of the goods and credited with a corresponding payment, and that involves a consideration of the true character of the transaction between these parties out of which the note arose, although, strictly speaking, the matter of the purchase may not have been a partnership transaction. It did not necessarily enter into partnership account, as payment for the one-half of the stock may have been necessary to the acquisition of any interest by Starling, and a condition upon which the partnership was to result. In addition to this, a court of equity is alone competent to set aside and cancel this instrument, or to reform it and give effect to it as a receipt. In such cases, when necessary, the suit at law may be enjoined. (3 Hal. Ch'y Rep. 574.) Equity exercises a general jurisdiction in cases of fraud, sometimes concurrent, and sometimes exclusive of other courts. The case of a will is about the only exception. (Cooper's Eq. Pl., 125; 2 Ves., 155; Story's Eq., 1841.) The fraud in such a case as this should be

" clearly proved." The decree dismissing the bill was erroneous. The plaintiff is entitled to an injunction upon the usual terms in like cases.

The decree is reversed and the case remanded for further proceedings not inconsistent with this opinion, and conformable to law.