DAVIS *v.* DYER *& a.*

In assumpsit upon an account, of which the court has equitable jurisdiction, and the items of which are so numerous and complicated that the case cannot be intelligently understood by a jury, there is no absolute right of trial by jury under the constitution, nor under the statute (G. L., c. 231, s. 8) after a trial and report by an auditor.

Whether, in such a case, a further trial before a referee would be equitable is a question of fact, to be found at the trial term.

ASSUMPSIT, upon an account.   The specification contains 273 items, and the set-off about as many more.   The case was heard by an auditor.   Exceptions to the auditor's rulings upon questions of law were decided in favor of the plaintiff (60 N. H. 400), who then moved for judgment on the report.   The defendants claimed a jury trial, and seasonably filed an affidavit stating in what par-

ticulars it was expected to change the findings of the auditor. It was found that the case was too complicated to be intelligently understood by a jury, and a jury trial was refused. The defendants, if they cannot have a jury trial, claim a further trial before a referee.

*Bingham, Mitchells & Batchellor* and *J. Y. Mugridge*, for the defendants. The constitutional guaranty of the right of jury trial gives the defendants that right, unless this case comes within the exception of that class of cases in which it had been " otherwise used and practised," before the adoption of the constitution of 1792. Art. 20, Bill of Rights. In most of the cases cited and relied on by the plaintiff in 'support of his position, the question was not considered. In *Copp* v. *Henniker*, 55 N. H. 179, the question was, of the right to use the report of the referee as evidence before the jury. In *Doyle* v. *Doyle*, 56 N. H. 567, and *Perkins* v. *Scott*, 57 N. H. 55, the question was, whether an auditor's report could be used in evidence on a jury trial. *Bellows* v. *Bellows*, 58 N. H. 60, was a bill in equity. *Sargent* v. *Putnam*, 58 N. H. 182, the court found within the constitutional exception, and refused to send it to an auditor, but referred it. In *Effingham* v. *Milliken* (Carroll, June T., 1878), the case was referred after an auditor's report, and the exceptions to the order were overruled on the authority of the previously cited cases, without comment. Unless a question has been raised and considered in a case, the decision is not an authority upon the question when it is subsequently raised and considered. *Dow* v. *Norris*, 4 N. H. 20.

The first auditor law of New Hampshire, passed June 23, 1823 (N. H. Laws, ed. 1830), provided for a statement of accounts between the parties by the auditor, and making that evidence on a jury trial, subject to be impeached. There was no provision for a judgment on the auditor's report, and the right of trial by jury was not affected by the appointment of an auditor, beyond the fact of recognition of the right. The only changes in the auditor law of 1823 were provisions for qualifying the auditor by oath (Laws, Nov. Sess., 1836, *c.* 279; Act July 4, 1837), and the later provision, that either party might elect to try the case by a jury, and the auditor's report should be evidence, subject to impeachment. Rev. Sts., *c.* 189, *s.* 5; Gen. Sts., *c.* 212, *s.* 8. And under our auditor law it has always been understood, until the decision of *Copp* v. *Henniker*, that the right of trial by jury was recognized, and not denied or curtailed. *Brewster* v. *Edgerly*, 13 N. H. 283; *Bartlett* v. *Trefethen*, 14 N. H. 428, 429; *Hoyt* v. *French*, 24 N. H. 201; *Stone* v. *Aldrich*, 43 N. H. 55; *Blain* v. *Patterson*, 48 N. H. 152; *Plummer* v. *Meserve*, 54 N. H. 166; *Fulford* v. *Converse*, 54 N. H. 544; *Perkins* v. *Scott*, 57 N. H. 55. The Massachusetts auditor law, enacted in 1818, and from which by similarity our law must have been taken, has been construed as upholding and not destroy-

ing the constitutional right of jury trial. *Allen* v. *Hawks*, 11 Pick. 360, 361; *Whitwell* v. *Willard*, 1 Met. 218; *Locke* v. *Bennett*, 7 Cush. 453; *Holmes* v. *Hunt*, 122 Mass. 505; *Clark* v. *Fletcher*, 1 Allen 55.

The long exercise and enjoyment of the right—more than fifty years in New Hampshire and sixty in Massachusetts—unquestioned by anybody, is a fact of great weight, to be considered in determining this question; and that weight is enormously increased by the fact that the members of the legislature who enacted the laws in 1823 in New Hampshire, and in 1818 in Massachusetts, the people who practised under the laws, and the court who administered them, had better opportunities for understanding and determining in what cases "it was otherwise used and practised" before 1792 than we now have. The appointment of an auditor was a judicial determination that the remedy at law was adequate, and either party was entitled to a jury trial.

This action was commenced in 1871, when, under the existing laws and practice, the defendants' right of jury trial was not denied. To give to the referee law of 1876 the effect of authorizing the compulsory reference of this case, or of giving judgment on an auditor's report, without permitting a jury trial, or a further trial before some tribunal, is to make the law retrospective in its operation—which is forbidden as "oppressive and unjust." Art. 23, Bill of Rights. The law is not in terms applicable to pending actions (Laws of 1876, *c.* 35), and the court will not by construction make it so. *Dickinson* v. *Lovell*, 36 N. H. 366; *United States* v. *Schooner*, 1 Cranch 103; *Prince* v. *United States*, 2 Gall. 204; *Whitman* v. *Hapgood*, 10 Mass 437; *Somerset* v. *Dighton*, 12 Mass. 381; *Briggs* v. *Hubbard*, 19 Vt. 86; *Dewart* v. *Purdy*, 29 Pa. St. 113; *Saunders* v. *Carroll*, 12 La. An. 793; *Watkins* v. *Haight*, 18 Johns. 139; *Hastings* v. *Lane*, 15 Me. 134; *Torrey* v. *Corliss*, 33 Me. 333. To give the law a retrospective character and apply it to this action, pending when the law was passed, will do more than affect the remedy; it will take from the defendants a "sacred right." An act giving a new trial in a particular case, once tried, cannot be upheld. *Merrill* v. *Sherburne*, 1 N. H. 199. The repeal of the statute of limitations cannot constitutionally apply to pending actions. *Woart* v. *Winnick*, 3 N. H. 473. And an act which affects the decision of an existing cause of action is void as to that action. *Kennett's Petition*, 24 N. H. 139; *Pickering* v. *Pickering*, 19 N. H. 389. The right of review in pending actions cannot be taken away. *Dickinson* v. *Lovell*, 36 N. H. 364. And generally it would be an unjust exercise of legislative power to defeat a legal proceeding already commenced. *Willard* v. *Harvey*, 24 N. H. 344; *Dunbarton* v. *Franklin*, 19 N. H. 257; *Kent* v. *Gray*, 53 N. H. 578; *Dash* v. *Van Kleeck*, 7 Johns. 477. The act of 1876 cannot apply to this suit. If it does, it is unconstitutional.

*Pike & Parsons* and *G. W. Murray*, for the plaintiff. The defendants have not a constitutional right of jury trial in this case. The constitution does not confer the right of jury trial. It confirms it in that class of cases where it existed at the time of its adoption. But in other cases in which it had been "heretofore otherwise used and practised," the right did not exist, and was not conferred by the constitution. Art. 20, Bill of Rights; *Backus* v. *Lebanon*, 11 N. H. 19; *King* v. *Hopkins*, 57 N. H. 350; *Perkins* v. *Scott*, 57 N. H. 55. In *Perkins* v. *Scott*, when an examination of accounts and vouchers was necessary, the case was sent to an auditor, and his report, under the auditor law, was held to be evidence on a jury trial. The right of jury trial was not established by the appointment of an auditor, but the trial, restricted in its freedom by the use of the auditor's report, was not unconstitutional because the case belonged to a class in which it had not been "practised" to have a jury trial, and the legislature might provide for a restricted one. In *King* v. *Hopkins*, a case for flowing the plaintiff's land, the law of 1874, making a referee's report evidence before a jury, was held unconstitutional because that case belonged to a class which at the adoption of the constitution it was the practice to try in no other way than by jury, and the right saved by the constitution was of the unfettered and unrestricted common-law jury trial. The different decisions in the two cases are upon the ground that one case belonged to a class in which a jury trial was not the practice, and the other to a class in which such a trial was the practice before 1784.

Before the adoption of the constitution, the investigation and adjustment of accounts was a matter of well understood and admitted equity jurisdiction, and in cases on the equity side of the court there was no practice of trial by jury, and no right of such trial was given by the constitution. *Wells* v. *Pierce*, 27 N. H. 512; *Copp* v. *Henniker*, 55 N. H. 179, 210, 211; *Perkins* v. *Scott*, 57 N. H. 55, 81–84; *Bellows* v. *Bellows*, 58 N. H. 60; *Sargent* v. *Putnam*, 58 N. H. 182; *Effingham* v. *Milliken* (Carroll, June T., 1878).

The auditor law of 1823 empowered the court to appoint auditors in cases requiring the investigation of accounts and the examination of vouchers, where it was "necessary for the purposes of justice between the parties." It conferred no right of trial by jury, and was limited in its application to a class of cases in which that mode of trial had not been practised, and was not saved by the constitution. There might be a trial in such cases, but not of absolute or constitutional right; and if such a trial is had, it is the trial fettered by the additional weight given to the auditor's report as evidence. The appointment of an auditor was not therefore a judicial determination of the question of the right of trial by jury in favor of the defendant.

The case ought not to be sent to a referee. There having been an exhaustive trial of accounts and vouchers too extensive and

complicated to be intelligently understood by a jury, no different in its details, and, presumably, with no different results than what would have been reached before a referee, it would be unjust to subject the plaintiff to the expense and vexation of another trial before the same or a similar tribunal differing only in name. *Boyd* v. *Webster*, 58 N. H. 336–338. There should be judgment on the auditor's report for the plaintiff.

ALLEN, J. The leading ground on which the defendants claim the privilege of a jury trial for the purpose of changing the auditor's report, is the right of trial by jury given by the constitution. Art. 20 of the Bill of Rights provides " that in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has been heretofore otherwise used and practised, the parties have a right to trial by jury, and this method shall be held sacred." The exception in the provision shows that there were cases in which it had been " otherwise used and practised," and that the right, however protective, beneficent, and sacred it might be, was not extended to these. It was a preservation of a mode of judicial determination, in the form and manner as it was then " used and practised," and for a class of cases to which the method had been commonly applied. It was not an extension of the right to cases not before within its operation. It did not create or establish a right not before existing. It was a recognition of an existing right, guaranteeing it as it then stood and was practised, guarding it against repeal, infringement, or undue trammel by legislative action, but not extending it so as to include what had not before been within its benefits. *Wooster* v. *Plymouth*, 193, 203, *ante*.

Cases involving the investigation of accounts, particularly where the accounts are mutual or complicated, are within the equity jurisdiction of the court. 1 Sto. Eq. Jur., ss. 441, 442, 442 a, and notes. Although such cases are made the subjects of suits at law, in the trial equitable principles are applied, and equity jurisdiction is not lost. *Wells* v. *Pierce*, 27 N. H. 503, 511–513. It is the inconvenience and difficulty of properly and accurately adjusting and settling accounts of a complex nature in suits at law that have brought them within the equity jurisdiction of the court. "It is not improbable that originally, in cases of account which might be cognizable at law, courts of equity interfered upon the special ground of accident, mistake, or fraud. If so, the ground was very soon enlarged, and embraced mixed cases not governed by these matters. The courts soon arrived at the conclusion that the true principle upon which they should entertain suits for an account in matters cognizable at law was, that either a court at law could not give any remedy at all, or not so complete a remedy as courts of equity. And the moment this principle was adopted in its just extent, the concurrent jurisdiction became almost universal,

and reached almost instantaneously its present boundaries." 1 Sto. Eq. Jur., *s.* 452. In Massachusetts equity jurisdiction is given by statute in "suits upon accounts, when the nature of the account is such that it cannot conveniently and properly be adjusted and settled in an action at law." Mass. Gen. Sts., *c.* 113, *s.* 2; *Hallett* v. *Cumston*, 110 Mass. 32. That statute is a reënactment of the common law as applied to cases of complicated accounts. *Bartlett* v. *Parks*, 1 Cush. 82, 85, 86; 1 Sto. Eq. Jur., *s.* 451; *O'Connor* v. *Spaight*, 1 Sch. & Lef. 305, 309; *White* v. *Williams*, 8 Ves. 193; *Taffvale Ry. Co.* v. *Nixon*, 14 H. & C. 111; *Southampton Dock Co.* v. *Southampton Harbor & Pier Board*, L. R. 11 Eq. 254; *Hargis* v. *Campbell*, 14 Fla. 27; *Lafever* v. *Billmyer*, 5 W. Va. 33; Adams Eq., *s.* 220, *n.* 1.

It must be considered as settled in this state that cases within the equity jurisdiction of the court were, previous to and at the time of the adoption of the constitution, a class which it had not been the practice to try by jury, and to which the right guaranteed by the bill of rights was not extended and did not apply. There is not and never has been any absolute constitutional right of trial by jury for equity causes. *Perkins* v. *Scott*, 57 N. H. 55, 81–84; *Doyle* v. *Doyle*, 56 N. H. 567, 569; *Bellows* v. *Bellows*, 58 N. H. 60; *Sargent* v. *Putnam*, 58 N. H. 182; *Effingham* v. *Milliken* (Carroll, June T., 1878); *Wooster* v. *Plymouth, ante.* And the subject-matter of this suit requiring an investigation of accounts, both mutual and complicated, to which must be applied equitable principles, and lying within the equity jurisdiction of the court, the defendants have no absolute right to such a jury trial as is guaranteed by the bill of rights.

The decision of the precise point was made emphatic in *Perkins* v. *Scott, supra.* In *Copp* v. *Henniker*, 55 N. H. 179, it was decided that the statute of 1874, making the reports of referees evidence in jury trials, was unconstitutional, because the introduction of that evidence did not leave the trial free and untrammelled, as had been guaranteed to such a case by the bill of rights, in which that method was held sacred. The same objection was made to the use of the auditor's report in *Perkins* v. *Scott*, as had been made to the use of the referee's report in *Copp* v. *Henniker*. But it was decided in the former case, that, though the hearing before an auditor did not differ in form, substance, or value from that before a referee, matters of account, for the investigation of which an auditor might be appointed, were subject to the equity jurisdiction of the court, and not within the benefits of a jury trial by absolute right, and for such cases the legislature might adopt a more restricted trial than that given by the bill of rights. No other ground appears for holding the auditor's report admissible in evidence in a jury trial, nor for reconciling the decision with that in *Copp* v. *Henniker*, and none has been suggested. *Doyle* v. *Doyle* was decided at the same term with *Perkins* v. *Scott*, and simply affirms

and follows it. The other cases before cited all decided, citing *Perkins* v. *Scott* with approval, that there was no absolute constitutional right of jury trial in causes within the equity jurisdiction of the court. *Bellows* v. *Bellows* was a bill in equity. All the others were suits at law upon matters of account, and the decision of all was put upon the same ground as *Perkins* v. *Scott*, that at and before the time of the adoption of the constitution it had not been commonly " used and practised " to try cases involving matters of account by a jury, and that the right of a jury trial was not extended to nor saved for that class of cases by the constitution.

The defendants having no absolute right of jury trial under the constitution, it is not given by the statute which provides that " upon the report of an auditor, either party may elect to try the cause by the jury, and upon such trial the report may be given in evidence, subject to be impeached by either party." G. L., *c.* 231, *s.* 8. This trial is not the free and unfettered one known to those who adopted the constitution, nor the " method " by them held sacred. It is restricted by the weight of the auditor's report, and burdened by a *prima facie* case in favor of the party having the report, which is conclusive, and entitles the party having it to judgment, unless its weight is overcome by evidence on trial. *Fulford* v. *Converse*, 54 N. H. 543, 545 ; *Shepardson* v. *Perkins*, 60 N. H. 76 ; *Blodgett* v. *Cummings*, 60 N. H. 115. Not only is the jury trial, elected on the report, a different and more restricted one than that declared sacred by the constitution, but the election of such a trial as is provided by statute does not in all cases, if ever, afford the right of trial. As a preliminary condition, the party claiming the right must not only elect, but he must accompany his election by affidavit of his intention in good faith to try the case, of his expectation to change the report, and in what particulars. Rules of Court, 1859. *p.* 57 ; Rules, 1875, *p.* 63. A trial burdened with a report conclusive unless overcome by evidence, and obtainable only on condition of showing where, how much, and in what particular items of the account, a change is expected, would be a jury trial, but not the one intended by the constitution.

The absolute right of jury trial not existing in this case, under either the constitution or the statute, the cause could have been committed to a referee. Any suit at law or equity, or the determination of any question of fact pending in the court, wherein the parties were not, as matter of right, entitled to a trial by jury, might be referred with or without the consent of the parties. Laws 1876, *c.* 35, *s.* 2. The fact that the cause was pending at the time of the passage of the act of 1876 did not prevent its application to the case. The defendants had no vested right in a jury trial, for no such right existed or was incident to the cause. The law imposes no new obligation, duty, or liability in respect to transactions then passed. It provides a remedy, rules of procedure, and a tribunal for the trial of the cause, and does not change

the ground of action or the nature of the defence. Section two provides for the reference, in general terms, of any cause pending in the supreme court; and section three excepts from the operation of the act cases before referred, and then pending before referees. The two sections, taken together, are equivalent to an express declaration of legislative intent that the act should apply to cases pending when it took effect, excepting those previously referred, of which this case is not one. This evidence of the purpose of the legislature makes it unnecessary to inquire whether, without such evidence, the act would be applicable to this case. *Willard* v. *Harvey*, 24 N. H. 344, 353; *Rich* v. *Flanders*, 39 N. H. 351, 353.

The defendants claim that the appointment of an auditor was an adjudication of a right to jury trial under the statute, and that objection to it afterwards could not prevail. The appointment of an auditor was a settlement of the question that the case required an investigation of accounts and vouchers, and was a proper one for an auditor. But the question of trying the case by a jury depended upon many facts and contingencies not necessarily, nor even probably, considered in determining the question of committing the case to an auditor. The right of jury trial not being absolute, and not being identified with or necessarily incidental to the appointment of an auditor, and the question of the right not having been considered, it could not be said that the appointment was an adjudication of the question of the right of jury trial. The consent of the plaintiff to a trial before an auditor was a consent that the case was a proper one to be sent to such a tribunal. The assent to the appointment of an auditor was not necessarily an assent to a right of jury trial not derived from such appointment. If the right of trial was the constitutional right, it was derived from the constitution and not from assent. If it was of the trial afforded by the statute, it could not come from an assent to a different right. The assent to the appointment of an auditor could not change a right before existing. In *Deverson* v. *The Eastern Railroad*, 58 N. H. 129, it was decided that consent to the reference of a cause, which the party had a right to try by jury under the statute of 1874, was a waiver of the constitutional objection to the use of the referee's report as evidence on a jury trial, on the ground that a party was estopped from claiming the benefit of a right which he had once waived. In this case nothing was consented to against which a different right existed. No constitutional right of jury trial existed which could be waived by consenting to a contrary or different proceeding, and there could be no waiver of a right to object to the statute mode of trial by a consent to a different mode. The plaintiff was not estopped from urging any objection there might be to a jury trial, on the coming in of the auditor's report, by a previous consent to the appointment of an auditor.

It was found that the case was too complicated to be intelli-

gently understood by a jury, and for this reason the defendants were not entitled to any form of jury trial. Mere inconvenience is not a reason for refusing a jury trial in cases where the right is guaranteed by the constitution. *Copp* v. *Henniker, supra*, 206. When, as in this case, there is no right of trial under the constitution, and the fact exists, not of inconvenience, length of time, and increased expense of trial, but of the intrinsic impracticability of bringing the case to the intelligent comprehension of a jury, a trial would be a mockery of justice, and could not reasonably be insisted upon. It would not be claimed that a trial could be conducted in the presence of a musical concert or of a theatrical performance. The confusion arising from disturbing sounds and motions could be avoided by adjournment to another time and place. But a confusion arising from complications too intricate and difficult for the intelligence of jurymen to unfold cannot be controlled by time and place, nor avoided by postponement or change of location of the trial. It would not be claimed that a cause should be tried by jurors who could not speak nor understand the English language, however intelligent and impartial they might be. *Lyles* v. *The State*, 41 Tex. 172 ; *McCampbell* v. *The State*, 9 Tex. Ct. App. 124. With some inconvenience, the difficulty of ignorance of the language could be overcome by the employment of an interpreter. But want of comprehension, and the confusion arising from complicated accounts, cannot be overcome nor wholly remedied by the most skilled and expert accountants, whose opinions and results, if controlling, rather than the judgment of the jurors, will make the verdict. Whether or not the case could be intelligently tried by a jury, being a question of fact, and being found in the negative, no exception lies to the denial of a jury trial in a case where the right is not preserved by the constitution. The same point was made in *Sargent* v. *Putnam* and *Effingham* v. *Milliken, supra*, and the decisions in those cases are not overruled.

The case being in the law term on exceptions to the auditor's rulings upon questions of law, the defendants contend that the facts could not be proved upon which the questions now decided are raised. For many purposes, the law terms and trial terms of the court are sessions of a single tribunal. In any case of legal questions reserved or exceptions taken at the trial term, pending in the law term, questions of fact, of which there is no right of jury trial, may be submitted by order of the court to one of its members or a referee, or sent to the trial term, where they may be tried by the presiding justice or a referee. Whether they shall be tried by a justice or a referee at the law term, or by a justice or a referee at the trial term, is a question of convenience and expense, and not of law. No error appears in the course taken in this case.

Whether the case, after having been once heard by an auditor, whose rulings upon questions of law have been sustained, should be committed to a referee for another trial, depends upon the

principles which govern applications for new trials. Whether justice has been done, or injustice would be done, by denying the application, is a question of fact to be decided at the trial term. *Brooks* v. *Howard*, 58 N. H. 91. If cause for a new trial is not shown at the trial term, there should be

*Judgment on the report.*

STANLEY, SMITH, and BLODGETT, JJ., did not sit: the others concurred.