### FAYETTE DAVIS v. THE STATE.

FORMER CONVICTION—PRACTICE. It is proper to submit to the jury the plea of former conviction with the plea of not guilty, with instructions to first find upon the plea of former conviction, and proceed no further if the evidence sustains it. But if the jury fail to make a response to the issue submitted of former conviction, and find against the defendant on his plea of not guilty, it is error for which the case will be reversed, though not complained of in the court below, if it be apparent from an inspection of the record.

APPEAL from Milam.     Tried below before the Hon. A. S. Broaddus.

*W. H. Hamman*, for appellant.

*Norman G. Kittrell*, for the State.

ROBERTS, C. J. The defendant Davis was tried and convicted of an assault with intent to murder.

He, on the trial, filed a special plea of former conviction, and also pleaded not guilty. Both pleas were submitted to the jury at the same time, and the evidence adduced in support of them. The only point of error which it is thought necessary to notice in the case is, that the jury found a verdict of guilty, on the plea of not guilty, without any response to the special issue of former conviction.

The Code of Criminal Procedure provides that " when there " are special pleas upon which the jury are to find, they must " say in their verdict that the matters alleged in such pleas are " either true or untrue." (Paschal's Digest, Article 3091.) This was not an accidental omission of the jury; for the court instructed them in effect that if they were not satisfied of the truth of this special plea, to proceed to consider of and find upon the issue presented by the plea of not guilty, without directing them to make any response to the special issue of former conviction.

In the motion for new trial it was objected that the court had erred in submitting to the jury both issues at the same time. But it does not appear that the defendant made any objection to such a course of proceeding.

It is believed that the practice in this State has been to submit both of such pleas to the jury at the same time. Our Code provides that " the court shall, in all criminal cases, dis- " pose of the pleadings of the defendant in their order as at " common law." Paschal's Digest, Article 2966.) It also provides that the defendant " shall, in all cases, be allowed to " plead not guilty." (Paschal's Digest, Article 2981.) Both of the pleas of former conviction and not guilty, are pleas in bar. On the trial of the former, the evidence upon the indictment then before the court must, to a considerable extent at least, be submitted to the jury; and it would certainly be most in harmony with our general practice to submit both issues to the jury with directions to first consider the special plea, and if they found that to be true, to proceed no further than to return their verdict upon it. This practice is founded on and justified by a provision in our Code as follows : " Such " special issues as set forth matter of fact proper to be tried by " a jury shall be submitted and tried with the plea of not " guilty." (Paschal's Digest, Article 2972.)

But the jury, not having returned any response to the special plea, left that part of the issues submitted to them incomplete and not decided upon by them in the form prescribed by law under the Code as above quoted, and that is an error in the proceeding of which the party has a right to avail himself upon the face of the record itself. (Paschal's Digest, Article 3091.) So it has been held in an elaborate opinion of Justice Black, in the case of Solliday v. The Commonwealth, 28 Penn. R., 13.

For that error the judgment is reversed and the cause remanded.

　　　　　　　　　　　Reversed and remanded.