## F. M. DEATON V. THE STATE.

1. SPECIAL PLEAS—VERDICT.—The code (Paschal's Dig., art. 3091) expressly requires, when a special plea is submitted to them, that the jury must say in their verdict that the matters alleged in such plea are true or untrue.

2. SPECIAL PLEA—PRACTICE.—A plea of former acquittal, regular in other respects, but not stating the day or month of the year when the former trial was had, is not, on that account, a nullity, and it was error to exclude evidence offered on the trial to support the plea.

3. PRACTICE.—It is error to exclude testimony offered in support of a plea merely defective, and liable to be held bad on exception. Such practice would be to try the sufficiency of the pleading after the opportunity of amendment had passed, and might deprive a party of a good defense.

APPEAL from Trinity. Tried below before the Hon. L. W. Cooper.

*Earle Adams*, for appellant.

*George Clark, Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE. — The defendant pleaded not guilty, and also filed, under oath, a special plea of former acquittal of the same offense, on a trial before a justice of the peace. The issues under both pleas were submitted to the jury by the court. The jury returned no verdict on the special plea, but found the defendant guilty generally. The code expressly requires, when special pleas are submitted to them, that the jury "must say in their verdict that the matters alleged in such pleas are either true or untrue." (Paschal's Dig., art. 3091.)

In a bill of exceptions it appears that the defendant offered to prove, in support of his special plea, that Bowman, before whom it is alleged he was tried for said offense, was an officer, and the evidence was excluded for the reason, as

shown by the judge, that "the special plea of defendant was not sufficiently pleaded to admit the evidence."

The defect in the plea, as shown in the record, was in not stating the exact day or month of the year, 1874, when the defendant was tried for this offense before Justice Bowman. Where a plea is clearly a mere nullity, evidence may properly be excluded which is offered in support of it. Not so, however, when it is merely defective, and liable to be held bad upon exception, for that would be a trial of the sufficiency of the pleading upon the admission of evidence on the trial after the time for its amendment had passed, and might exclude a good defense, without objecting to the manner in which it was pleaded, to the surprise and injury of the defendant.

It is not perceived upon what reason the court submitted this issue to the jury, and charged them to find upon it, when the evidence in support of it had been excluded because the issue was not properly made by the plea filed by the defendant.

It may be, as sometimes happens, that the transcript of the record does not present the proceedings properly, as they actually occurred on the trial, by which the action of the court, as in this case, is made to exhibit irregularities and inconsistences in its rulings, which cannot be sanctioned by this court by an affirmance of the judgment.

Judgment is reversed and cause remanded.

REVERSED AND REMANDED.