### E. R. Taylor *v.* The State.

Special Pleas — Verdict. — When there are special pleas on which the jury are to find, the Code of Criminal Procedure imperatively requires that the verdict shall state whether the matters therein alleged were true or untrue; and an omission so to state is fatal to a conviction.

Appeal from the County Court of Grayson.    Tried below before the Hon. A. J. Wilkinson, County Judge.

The offense charged was the exhibition of a bank for gaming.    The defendant's motion for a new trial, as well as his assignment of errors, raised the question decided in this case.

No brief for the appellant.

*W. B. Dunham*, for the State.

Winkler, J.   The appellant, it seems, was tried in the County Court on a plea of not guilty, together with a plea of a former acquittal, and also of a former conviction for the same offense.

On the trial, the accused was found guilty, and a fine assessed against him of $25.   It is complained in the assignment of errors that the jury failed to find whether the defendant's pleas in bar were true or untrue; and we are referred to article 3021 of the Digest, and to *Deaton* v. *The State*, 44 Texas, 446, in support of the position.

The requirement of the Code of Criminal Procedure, article 626 (Pasc. Dig., art. 3021), seems to be imperative that, when there are special pleas upon which the jury are to find, they must say in their verdict that the matters alleged in such pleas are either true or untrue.

The error might have been remedied if attended to at the proper time; but as this was not done, it is fatal to the conviction, and, therefore, the judgment is reversed and the cause remanded.

*Reversed and remanded.*