## Albert Pickens *v.* The State.

1. Former Acquittal — Practice. — Being on trial for threatening to take the life of *R. M.* Holcraft, the defendant pleaded his former acquittal on a charge of threatening to take the life of *Henry* Holcraft. On motion of the State, the plea was stricken out. *Held*, that the plea was bad upon its face, because, under the latter charge, no conviction could have been had for the former one; and, being bad upon its face, the motion to strike it out was properly sustained. Had it presented on its face a legal defence, it should have been submitted to the jury along with the plea of not guilty, and a finding whether it was true or not true would have been necessary.

2. EVIDENCE. — In a trial for seriously threatening to take the life of one H., the defence proposed to prove by H. that, some fourteen days after the making of the threats, he and the defendant met in the road, and that the defendant made no attempt to execute the threats — the object being to show that the threats were not seriously made. *Held*, in consideration of the lapse of time between the making of the threats and the meeting of the parties, that the proposed proof was correctly excluded.

APPEAL from the County Court of Gregg. Tried below before the Hon. L. G. JACKSON, County Judge.

The opinion and head-notes indicate the material facts. A fine of $100 was the punishment assessed against the appellant.

*Taylor & Morrison*, and *R. M. Keasler*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The appellant was convicted for threatening to take the life of R. M. Holcraft. Penal Code, art. 809. From the record it appears that he had been tried and acquitted under an indictment charging him with threatening to take the life of *Henry* Holcraft.

He pleaded this acquittal to the information. The county· attorney moved to strike out this special plea. The court below sustained the motion of the county attorney ; to which the appellant excepted, and saved the point by bill. The question for this court is, Did the court below commit an error in this ruling? We think not. Could the appellant have been convicted (under the indictment charging him with threatening to take the life of *Henry* Holcraft) for threatening to take the life of R. M. Holcraft? Clearly not. The conviction would have been unquestionably wrong. What, then, is the rule? It is this: "That a former trial is not a bar unless the first indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment." It

cannot be contended that this could have been done in this case. *Irwin* v. *The State,* 7 Texas Ct. App. 78.

The special plea of defendant presenting no defence to *this* prosecution, the court below did right in sustaining the motion of the county attorney to strike out the same.

The next proposition presented for our consideration is, whether or not it was the duty of the court below to have submitted the special plea to the jury. If the plea had presented a legal defence upon its face, then the court should have submitted it; but this plea shows affirmatively its own defects, and hence the court below did right in sustaining the motion to strike out.

We deem it our duty to make some observations on the practice touching these special pleas: "If the plea presents a legal defence to the indictment, then it is the duty of the court to submit both the special plea and the plea of not guilty to the jury at the same time, with directions to first consider the special plea, and, if they find that to be true, then proceed no further than to return their verdict thereon." 42 Texas, 494.

The jury must find a verdict on the special plea, either that it is true or not true. The case will be reversed if they fail in this. If they find it true, the case ends; if not true, then they inquire if the defendant be guilty under the plea of not guilty.

The court did not err in overruling the defendant's motion for continuance. This was the second application, and the defendant desired to prove by the absent witness that the prosecuting witness admitted that defendant had not made the threats. The defendant did not ask the prosecuting witness, when on the stand, if he had made that statement. If he had, the probabilities are that he would have proven the fact by him, if true; at least, we cannot presume he would have sworn falsely.

The court did not err in sustaining the objections of the county attorney to the questions asked by defendant of the

prosecuting witness.   If the meeting of defendant and the prosecutor had been somewhere near the time of the making of the threats, we think the evidence would have been admissible; but, being fourteen days after, the bearing is so slight, if there be any at all, as to make it incompetent.

The evidence sustains the verdict.   There being no errors perceivable, the judgment is affirmed.

*Affirmed.*