## ROEMILIE v. LEEPER ET AL.

### (No. 3688.)

STATUTE OF LIMITATIONS; pleading disability; waiver of defect; effect of constitution.

APPEAL from Collin county. Opinion by DELANEY, J.

OPINION.— When, in reply to a plea of the statute of limitations, a plaintiff would set up some disability which protects him against the bar of the statute, he should state

when the disability commenced, and the extent of its duration, or his pleading will be fatally defective. But the opposite party may waive the defect; and if he does so, and evidence is admitted under the defective pleading, it is too late to make the objection upon appeal. 44 Tex., 446; 27 Tex., 357. Section 14, article 12, of the constitution did not change the common-law construction of the statute of limitations, but merely extended the time in which, under previous statutes, married women, infants and insane persons had the right to sue. 52 Tex., 92. If by reason of the disability, or by reason of the suspension of the statute, limitation had not commenced to run before the adoption of the constitution, then the plaintiff would have seven years, instead of a shorter term, within which to bring suit. But if the statute had run for any length of time before the adoption of the constitution, that time must be deducted from the seven years.

REVERSED AND REMANDED.