## The I. & G. N. R'y Co. v. J. L. Philips.

(Case No. 1862.)

1. PLEADING.— An appeal from the judgment of a justice's court is triable *de novo*, with no other pleadings than such as are proper in a justice's court.
2. EVIDENCE.— On appeal from a justice's court, of a suit brought on account against a railway company, for "breaking a trunk," and for damage and expenses incurred by delay of "goods checked," etc., there being no exception taken to the generality of the description, *held*, that evidence might be given in regard to the delay of any kind of property "comprehended within the meaning of such articles as a passenger on a railroad train might carry with him as baggage and which might be checked."
3. DAMAGES.— In such a suit, on such an account not excepted to, it was competent to show the damage plaintiff sustained by reason of being compelled to buy clothes to supply the place of those delayed in their delivery by the company; also in waiting for the arrival of the goods.
4. JUSTICES' COURTS.— Proceedings before justices of the peace should be treated with liberal indulgence.
5. DAMAGES.— Damages must be established like any other fact, and no testimony which amounts to mere opinion is competent.
6. FACT CASE.— See opinion for facts in regard to damages sustained, which did not authorize the verdict.
7. PRACTICE — CHARGE OF COURT.— When, from a failure of the court to give written instructions to the jury, other than such as counsel submitted, it appeared that the case required a charge to be given by the court, and that the jury had probably been misled as to their duty for the want of it, the case was reversed.
8. DAMAGES, MEASURE OF.— When suit is brought against a railway company for damages claimed by reason of alleged delay in the journey of plaintiff, caused by delay in delivery of his goods, the difference in the value of the goods when they were delivered and when they should have been delivered forms no measure for damages.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

*Mason & Carr*, for appellant, on the question of evidence, cited: Hall *v.* Jackson, 3 Tex., 309–312, and authorities therein cited; Mims *v.* Mitchell, 1 Tex., 445, 446; Lemmon *v.* Hanley, 23 Tex., 227; Guess *v.* Lubbock, 5 Tex., 537, 538; Coles *v.* Kelsey, 2 Tex., 558.

That the charge of the court was error, they cited: White & Willson, Ct. of App. Civ. Cas., p. 465; St. Louis, Iron Mountain & Southern R. Co. *v.* Hindsman, White & Willson, Ct. of App., p. 206; The Golden Rule, 9 Fed. R., 334.

No briefs on file for appellee.

WALKER, P. J. COM. APP.— This suit was commenced in justice court by appellee upon a sworn account against the appellant for the sum of $100 as follows: To breaking one trunk, $3; to damage and expense incurred by delay of goods checked from Little Rock, Arkansas, to San Antonio, on the 18th day of January, 1883, $97. Total, $100.

The defendant answered by a general denial. Upon trial judgment was rendered for the appellee in the sum of $75.

The defendant appealed to the district court of Bexar county. Upon trial in that court judgment was rendered for the appellee for $75 upon verdict of the jury.

The case was triable in the district court *de novo*, and no other pleadings were requisite than those appropriate to the justice's court. In that court formal pleadings are dispensed with; they are, indeed, oral except when otherwise specially provided. R. S., art. 1573. It is sufficient if the plaintiff lodges with the justice his claim or demand, and that the citation states the nature of the plaintiff's demand. R. S., arts. 1569, 1570. There being no exception taken by the defendant to the generality of the description given in the plaintiff's account of the goods referred to, it was admissible for the plaintiff to introduce evidence concerning damage sustained by him in respect to the delay of trunks containing clothing. The account specifies no particular kind of "goods" — the term "goods," as used in the connection in which it appears, is generic in character, and it appears in the item of the account referred to that they were goods that were "checked" by the defendant from Little Rock, Arkansas, to San Antonio, Texas. Allegations of this character would, under proceedings of this kind in justice's court, allow of proof of any kind of property properly comprehended within the meaning of such articles as a passenger on a railway train might carry with him as baggage, and which might be checked.

The defendant objected to three several questions propounded to the plaintiff as a witness in his own behalf by his counsel, viz.: "What damage did you sustain by buying clothes for your family to take the place of those in the delayed trunks and boxes?" "What damage did you sustain by reason of your waiting for the arrival of the one trunk and two boxes?" "What damage did you sustain by reason of your returning from the country to get the delayed trunks?"

The appellant objected to these questions on two grounds, viz.: that there is no allegation contained in the account sued on, or any allegation in plaintiff's pleading, upon which to base the proof; and that the evidence sought is incompetent and irrelevant. The objections were overruled, and appellant assigns the ruling as error.

If the plaintiff's account and cause of action stated in the citation (which two constitute the plaintiff's pleading) were merely defective for want of certainty or fullness of specific allegations of detailed acts constituting a ground for damage, and to which no exception at the trial was taken, evidence to support the plaintiff's demand in every respect in which the court was authorized to recognize the plaintiff's complaint or demand as valid was admissible. The plaintiff's account did not itemize the special subjects which caused the alleged damage, it is true, as the buying of clothing, expenses incurred in waiting the arrival of the delayed goods, or in returning from the country to obtain them when they did arrive, but it stated damage and expense generally, incurred by delay of the goods in question. This, in a general way, notified the defendant of the character of damage plaintiff claimed to have sustained, and, if not excepted to, evidence under the account was admissible to show any pertinent facts to establish the damage as alleged in plaintiff's account. The rule laid down in Deaton v. The State, 44 Tex., 446, is that it is error to exclude testimony offered in support of a plea merely defective, and liable to be held bad on exception. The converse proposition, that it is not error to exclude testimony offered by plaintiff to supply the defects in the petition after a demurrer to it has been sustained, is stated in Conley v. Columbus Tap R'y Co., id., 579.

Proceedings had in justice's court are treated with liberal indulgence, and strict rules of procedure are not applied to them as is done in courts where the law is administered by judges learned in the law, and where the laws applicable to formal written pleadings have application; and where proceedings in the former have not worked an injury they will be sustained. See Perry v. McKinzie, 4

Tex., 154; Clay *v.* Clay, 7 Tex., 250.   This case was tried in the district court *de novo* on the pleadings, if such the account may be termed, which were prepared in the justice's court; and the same rule of evidence under them was applicable on the trial in both courts.

The evidence offered was not irrelevant, nor incompetent.   The facts sought to be proved tended to show the expense encountered by the plaintiff resulting from the alleged delay.   The form of the questions was not wholly free from objection, as it might be understood to call for the witness' opinion as to the amount of damage sustained rather than for those facts relating to the expense, upon which the jury, and not himself, were required to pass.   " The general rule which requires a witness to speak to facts within his knowledge is applied to the subject of compensation; the damage must be proved like any other fact in the cause, and no testimony amounting to mere opinion is competent."   2 Sedg. Meas. Dam., 633.

The purpose of the questions, however, was apparently, notwithstanding their form, to draw out the facts respecting the delay and expense complained of.   The witness, however, did state as a general conclusion or fact in the course of his evidence that he was damaged $100.   The items of damage detailed by him were as follows: $10 expense of two days' delay at San Antonio; $30 cost of clothing purchased for want of that which was contained in the missing trunks; and that he came back to San Antonio, a distance of ninety miles, to get the trunks after they reached there.   The cost or value to plaintiff of that trip is not indicated.   On cross-examination the witness stated that the cost of the trip for the trunks and the clothing purchased was about $30.   He testified that he still retained the ownership of the purchased goods.

This evidence did not furnish a sufficient basis for a verdict of $75 damages against the defendant.   It was the province of the jury to deduce from the facts proved by the plaintiff what was the actual injury or loss sustained by the plaintiff, and aside from the expression of opinion that plaintiff was damaged $100, the evidence manifestly failed to establish more than $40 damage, even if the defendant be held liable for the full value of the clothing purchased by the plaintiff and which he still owns and has the benefit of.

The court declined to give any charge to the jury other than such as the parties might submit to be given as instructions, which refusal is assigned as error.   Whether the mere failure to charge the jury be ground of reversal need not be considered; certainly it is not necessarily so; but where, from the nature of the case before

the jury, it is apparent that a proper legal discrimination in regard to evidence before them, which is in itself liable to mislead the jury into giving it an undue weight, is essential to enable them to properly apply the whole evidence, and the jury have been probably misled to the injury of one of the parties, if they have not received any instruction or charge by the court touching the case at all, we think that proper practice requires that a new trial ought to be granted. G., H. & S. A. R'y Co. v. Dunlavy, 56 Tex., 258. The verdict being wrong and unsupported by sufficient evidence, substantial justice cannot be said to have been done; and for that reason, as well as because the court failed to instruct the jury as to the law governing the case, the judgment ought to be reversed.

The defendant asked the court to charge the jury as follows: "That the measure of damages in the case of the delay in the delivery of goods is the difference between the price of the goods when it did arrive and what it was when it should have arrived, and if they find from the evidence that there is no difference in the price, then the defendant is entitled to a verdict." Which was refused.

The instruction asked was inapplicable as a rule for the measure of damages under the issue in this case. The plaintiff sued for damages consequential to the delay of his journey caused by the alleged default of the defendant, and not for any supposed loss or damage caused by the delay as affecting the goods alleged to have been detained, or as affecting their marketable value. The rule embraced in the above instruction may well be applied to a proper case for damages recoverable for delay in the non-delivery of goods by a common carrier, but in this case the plaintiff sues for special damages on a state of facts to which the rule invoked has no proper application. See 2 Sedgw. Meas. Dam., p. 105, note (b) (7th ed.).

The record before us does not require us to discuss what may be deemed the correct rule for the measure of damages in this case; nor is there anything in it to indicate what rule on that subject was acted upon on the trial. On another trial the court will doubtless submit to the jury, under proper instructions, a rule for the measure of the plaintiff's damages, if he shows himself entitled to recover, that will conform to the law of the case, and the adjustment of the rights of both parties.

We report that the judgment ought to be reversed and the cause remanded.

Reversed and remanded.

[Opinion adopted February 2, 1885.]