[No. 3613.]

### B. F. SMITH *v.* THE STATE.

PRACTICE — VERDICT — SPECIAL PLEA.— When a special plea is submitted to the jury the verdict must expressly determine whether the plea is true or untrue. An omission to so find is error for which the conviction must be set aside.

APPEAL from the County Court of Robertson. Tried below before the Hon. John E. Crawford, County Judge.

This appeal is from a conviction for a simple assault, for which a fine of $40 was imposed on the appellant.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. Defendant's special plea of former conviction was well pleaded, and the court submitted the issue thereon to the jury, but the verdict does not determine that issue. When a special plea is submitted to the jury the verdict must expressly determine whether such plea is true or untrue. (Code Crim. Proc., art. 712; *Davis* v. *The State*, 42 Texas, 494; *Deaton* v. *The State*, 44 Texas, 446; *Brown* v. *The State*, 7 Texas Ct. App., 619; *McCampbell* v. *The State*, 9 Texas Ct. App., 124; *Pickens* v. *The State*, 9 Texas Ct. App., 270; *White* v. *The State*, 9 Texas Ct. App., 390.)

Because of this error in the proceedings the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered June 3, 1885.]