## VAUGHAN LUMBER CO. v. BYBEE & WOOD. (No. 145.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 9, 1916. On Motion for Rehearing, Jan. 31, 1917.)

1. JUSTICES OF THE PEACE ⬡➡80(3), 91(1)—PROCEDURE—PLEADINGS—SUFFICIENCY.

Since under Vernon's Sayles' Ann. Civ. St. 1914, art. 2326, justice court's pleadings are oral, it is sufficient if the plaintiff lodges a claim or demand with the justice and the citation states the nature of the demand, as required under article 2322.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 253, 307–309, 323; Dec. Dig. ⬡➡80(3), 91(1).]

2. JUSTICES OF THE PEACE ⬡➡90—PROCEDURE—PLEADINGS—SUFFICIENCY.

In a justice court action, if from all that is stated orally or written the court can ascertain what rights the plaintiff asserts or what defense the defendant interposes, the pleading is sufficient.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 306; Dec. Dig. ⬡➡90.]

3. JUSTICES OF THE PEACE ⬡➡91(1)—PLEADING—SUFFICIENCY.

A demand in justice court noted on the docket "upon claim for $92.02, * * * dated May 30, 1913, * * * due now," when taken in connection with the citation which recited that the nature of plaintiff's demand was that two cars of ties were shipped over defendant's line of road, in certain cars; that plaintiffs sold said ties to defendant lumber company and shipped them to a third person, and they were received for shipment by the defendant railroad; that in the shipment plaintiffs allege a loss of 214 ties, being of a total value to plaintiffs of $92.02, for which these defendants are liable to plaintiffs, and for which this suit is brought—is a sufficient pleading of the demand in a justice court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 307–309, 323; Dec. Dig. ⬡➡91(1).]

4. JUSTICES OF THE PEACE ⬡➡183(1)—APPEAL—PRESUMPTIONS.

Where the judgment entered stated that all matters of fact and law, the introduction of evidence, and the argument of counsel were submitted to the justice court, every presumption will be indulged to support the judgment, such recitals being decisive.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 705–710; Dec. Dig. ⬡➡183(1).]

5. JUSTICES OF THE PEACE ⬡➡119(1)—JUDGMENT—VALIDITY.

Where a justice of the peace has jurisdiction of the parties and the subject-matter, his judgment is not void.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 373, 376; Dec. Dig. ⬡➡119(1).]

### On Motion for Rehearing.

6. JUSTICES OF THE PEACE ⬡➡174(17) — APPEAL—AMENDMENT OF PLEADINGS—PREJUDICE.

Where, on appeal from a judgment of a justice, the defendant claimed that the pleadings were insufficient, and plaintiff was allowed to amend merely to make explicit the ground of recovery, there was no prejudice to the defendant by reason of irregularities in pleading in the justice court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 682; Dec. Dig. ⬡➡174(17).]

Appeal from District Court, Montgomery County; L. B. Hightower, Sr., Judge.

Suit by the Vaughan Lumber Company against Bybee & Wood. From a decree dismissing the suit, plaintiff appeals. Affirmed. On motion for rehearing. Motion overruled.

W. N. Foster, of Conroe, and R. W. Franklin, of Houston, for appellant. McCall, Crawford & McCall, of Conroe, for appellee.

CONLEY, C. J. A justice court of Montgomery county rendered a default judgment against the Vaughan Lumber Company in favor of Bybee & Wood for $92.02, on February 22, 1915. After judgment, the defendant, Vaughan Lumber Company, appealed to the county court, and in said court, among other defenses, contended that the judgment of the justice court was void, because not based on any pleadings, oral or written, in the justice court, and for that reason the county court had no jurisdiction of the cause, and could render no judgment. The county court overruled the contention, and after submitting the cause to a jury, which found against the appellant on the issue involved, awarded the appellees, Bybee & Wood judgment against the Vaughan Lumber Company for $92.02. Execution having been issued looking to the enforcement of the judgment of the county court, this suit was instituted by the Vaughan Lumber Company to restrain and enjoin any further proceedings based upon said judgment. Plaintiff further alleged that by reason of the amount in controversy it had no right of appeal, and therefore no adequate remedy at law, and by reason thereof was forced to apply for injunctive relief. A temporary writ of injunction was issued, as prayed for, by the Seventy-fifth district court, on October 1, 1915, and made returnable to the judge of the Ninth judicial district. Appellees, Bybee & Wood, answered, praying for a dissolution of the injunction, and set out at length the proceedings in both the justice and county courts. They set out the citation which had been issued by the justice court, and otherwise denied the contention that the judgment of the county court was void. A motion to dissolve the injunction was also filed by the appellees, Bybee & Wood, but said motion was never acted upon, and trial was had in the district court of the Ninth

district, on the merits of the cause, on the 17th of January, 1916, and resulted in a final judgment, dissolving the temporary writ of injunction, and dismissing the appellant's suit. From this judgment an appeal has been perfected, and the cause is now before us for review.

There are two assignments of error urged to the judgment of the district court, and they are, in substance, that said court erred in refusing to perpetuate the temporary injunction theretofore granted, for the reason that the judgments of both the justice and county courts were void, on the ground that there was no pleading to support the judgment in the justice court, and that therefore the county court had no jurisdiction of the cause on appeal.

The record discloses the following facts: Bybee & Wood, the appellants, were a partnership, and filed suit in the justice court of Montgomery county on November 10, 1914, upon a claim against James A. Baker and Cecil Lyons, receivers of the International & Great Northern Railroad Company, and against the appellant, Vaughan Lumber Company. The transcript of the justice docket shows the following entry, after giving the names of the parties to the suit:

"Suit upon claim for $92.02 * * * of date May 30, 1913 * * * due now."

Citation was issued on the 10th day of November, 1914, and served by the sheriff of Harris county on the appellant, Vaughan Lumber Company, on the 19th of November, 1914. The citation states the nature of appellee's claim as follows:

"The nature of plaintiff's demand is as follows, to. wit: That on or about May 30, 1913, and June 3d of same year, two cars of ties were shipped over defendant, International & Great Northern Railroad Company's line of road, and said ties were shipped as plaintiffs charge and believe in cars R. I. 58615 and I. & G. N. 3680; that plaintiffs sold said ties to defendant, Vaughan Lumber Company, and shipped to the Leard Lumber Company, San Jose, Tex., and were received for shipment by said defendant, International & Great Northern Railroad Company; that in the shipment of said two cars of ties, plaintiffs allege a loss of 141 ties out of car R. I. 58615 and 73 ties out of car I. & G. N. 3680, and being of a total value to plaintiffs of $92.02, for which these defendants are liable to plaintiffs for said amount, and for which this suit is brought."

The cause was continued in the justice court from term to term until the 22d day of February, 1915, when trial was had, and the following judgment entered:

"This day came the plaintiff Bybee & Wood, a firm composed of Chas. Bybee and J. I. Wood, by counsel, and the International & Great Northern Railroad Company also appeared by counsel, but the Vaughan Lumber Company, incorporated, though duly cited, having failed to appear and answer in this behalf, but wholly made default, the court doth adjudge the defendant, Vaughan Lumber Company in default. The plaintiff and defendant, International & Great Northern Railroad Company, both in open court announced ready for trial. A jury being waived, all matters of fact and law were submitted to the court. Evidence being introduced and argument of counsel heard, the court doth find from the evidence introduced that the defendant, International & Great Northern Railroad Company is not liable for the ties lost, but the Vaughan Lumber Company, the other defendant herein, is liable for the full amount sued for. It is therefore ordered, adjudged, and decreed by the court that the plaintiffs, Bybee & Wood, take nothing from the defendant, International & Great Northern Railroad Company, but it is ordered, adjudged, and decreed that plaintiffs recover of and from the defendant, Vaughan Lumber Company, the sum of $92.02, with interest from this date at 6 per cent., together with all costs in this behalf expended, except the cost of citation served on the receivers of the International & Great Northern Railroad Company, which is to be paid by plaintiffs, and that plaintiffs have their execution."

An appeal was regularly taken from this judgment to the county court of Montgomery county.

There is a written agreement between the parties inserted in the record that there were no written or verbal pleadings filed in the justice court, unless the citation be deemed a pleading. After the cause had been duly appealed to the county court, the appellant, before the case came on for trial in that court, filed answer, setting up a general demurrer, general denial, and further answering as follows:

"This defendant alleges that it received at San Jose, Tex., the two cars of ties described in plaintiff's pleadings, but denies that said cars, when so received by it, were loaded with the number of ties claimed by the plaintiffs, and in this connection, this defendant says that car No. 58615 had therein only 459 ties, and that car No. 3680 had therein only 442 ties, and defendant says that only said number of ties were in said cars at the place of beginning, but if this defendant is mistaken as to this, then it alleges that the defendant, International & Great Northern Railroad Company, lost the same in transit, and failed and refused to deliver the same to this defendant. Wherefore this defendant says that in the event any judgment is awarded plaintiff against this defendant, it should have judgment over against its codefendant, International & Great Northern Railroad Company in a like sum."

With the status of the pleadings in the county court as here shown, the county court, upon request of appellees, permitted them to orally plead the following amplification of their cause, which was noted by the court on the docket of said court:

"Plaintiffs plead orally that defendants are both liable for the value of the ties sued for, and that if proof shows that the railroad company delivered the ties sued for to the Vaughan Lumber Company, or their order, then the Vaughan Lumber Company is liable for the value of the ties."

All the parties then announced ready for trial, and testimony upon the issues involved was offered by both sides. In the course of the evidence, the appellant filed a motion for a peremptory instruction to the jury to return a verdict for it, said motion being as follows:

"Comes now the defendant, the Vaughan Lumber Company, and moves the court to instruct the jury peremptorily to return a verdict for defendant, in which the undisputed proof shows that the first, pleading a cause of action against

this defendant, was by verbal plea on the 23d of August, 1915, and because it further appears by the undisputed testimony that more than two years had elapsed before said plea was entered, and after plaintiff's cause of action, if any they had, accrued against this defendant."

Appellant also filed a further motion for peremptory instruction, as follows:

"Comes now the defendant, the Vaughan Lumber Company, and shows unto the court that there are no proper pleadings in this cause upon which to predicate a judgment against this defendant, for the reason that no cause of action was asserted against this defendant in the pleadings and issues made up in the justice court, upon which this case is appealed. Wherefore, this defendant moves the court to instruct the jury to find in favor of defendants."

These two motions were overruled by the court, and the cause regularly submitted, under appropriate instructions, to the jury, and the jury, after deliberation, returned a verdict into court, as follows:

"We, the jury, find for the plaintiffs, Bybee & Wood and against Vaughan Lumber Company for the amount sued for, $92.02, and in favor of the International & Great Northern Railroad Company."

Judgment was thereafter entered in accordance with the verdict of the jury, on the 24th of August, 1915, that appellees recover of the Vaughan Lumber Company and the sureties on its appeal bond the sum of $92.02, and that appellees take nothing against the International & Great Northern Railroad Company. The appellant filed a motion in the county court for a new trial, which was overruled. An execution was thereafter issued in favor of the appellees on the 27th of September, 1915, to the county court of Montgomery county, and on the 28th of September, an alias execution was issued to Bexar county, and on the 1st of October, 1915, this injunction was sued out, restraining the levy of said execution and collection of said judgment.

A reference to a few of the fundamental principles governing proceedings in justice courts will dispose of this case.

[1] The appellate courts have uniformly announced the doctrine that proceedings had in justice courts must be treated with liberal indulgence, and that strict rules of procedure are not to be applied to them, as is done in courts where the law is administered by judges learned in the law, and where the laws applicable to formal written pleadings have application; and especially will proceedings in the justice court be sustained where they have not worked an injury to the complaining party. I. & G. N. Ry. Co. v. Philips, 63 Tex. 590.

In the justice court, formal pleadings are dispensed with; they are oral, except when otherwise specially provided. Article 2326, Vernon's Sayles' Civ. St. It is sufficient if the plaintiff lodges with the justice his claim or demand, and that the citation state the nature of plaintiff's demand. Article 2322, Id.

[2, 3] The effect of these articles is to prescribe no set rules of procedure, except that the statement affecting the nature of the suit, and which is made by the parties, may be oral, and may be entered on the docket of the justice. The form in which the cause of action or ground of defense is stated is of no importance. If from all that is stated, oral or written, the court can ascertain what rights the plaintiff asserts, or what defense the defendant interposes, the pleading is sufficient. Rector v. Orange Rice Milling Co., 100 Tex. 591, 102 S. W. 402.

The entry on the justice court docket shows that a claim was filed with him by appellee against the appellant, and against the International & Great Northern Railroad Company for $92.02, said claim being of date May 30, 1913. It further appears that citation was duly issued and served upon the appellant, in which it was advised, crudely it may be admitted, that the claim arose out of a transaction involving the sale of two cars of ties by appellee to appellant, and which ties were shipped over the line of the International & Great Northern Railroad Company; that between the two defendants the plaintiff suffered a loss of 141 ties out of one car and 73 ties out of another car, of the total value of $92.02, and for which amount the defendants were liable to plaintiff. The logical deduction to be made from the statements contained in said citation are that the ties were either lost in transit, in which event the appellee was claiming responsibility from the railroad company, or the appellant had duly received the ties, without accounting to the appellee, and had reverted them to its own use; that the appellant so understood this to be the nature of appellee's claim, and was not misled or deceived by the statements contained in said citation, is apparent from the facts that the answer filed by appellant in the county court, and before the oral amendment of said pleadings, sets up a denial to the fact that the said cars, when received by it, were loaded with the number of ties claimed by appellee, and also sets forth the number of ties in each car, showing they were short of the number claimed by appellee, and that they were short from the place of shipment. There is a further allegation in the answer that if they were mistaken as to the number of ties in each car, then such ties were lost by the railroad company in transit, and asked judgment over against it. The judgment entered on the justice docket, as hereinbefore shown, contains the specific statement:

"That all matters of fact and law were submitted to the court, evidence being introduced, and argument of counsel heard, and the court doth find that the defendant, International & Great Northern Railroad Company, is not liable for the ties lost, but the Vaughan Lumber Company, the other defendant, is liable for the full amount sued for."

Every presumption will be indulged to support this judgment. The submission of

"all matters of fact and law, the introduction of evidence, and the argument of counsel," must have been of such a nature as to fully advise the court of the character of the issues involved, and to have enabled it to have ascertained what rights the plaintiff was asserting against the appellant. The form or method or the particular place in the proceedings where this information was given the justice is of no importance. It is sufficient to know that it was given him, and upon this point the recitals in said judgment are decisive. These very recitals refute the contention that there were no oral pleadings in said cause in the justice court.

[4] The justice of peace having jurisdiction of the parties, and of the subject-matter, his judgment is therefore not void.

[5] It also appears from the record that when the case was called on appeal in the county court, appellee orally amended the pleadings, with the permission of the court, and which they had the right to do. This amendment was not the setting up of a new cause of action. It was an amplification of the original cause, and was an effort to make more definite and certain appellee's claim against the appellant. Read in the light of the answer of the appellant filed in said cause, the amendment was but an expression in words of what both parties to the cause understood the issues to be.

There is no question raised that the status of the pleadings in this stage of the proceedings did not fully set forth the issues involved in the litigation. Evidence, pro and con, upon said issues was introduced by the parties in the trial of the case, such issues were submitted to the jury under instructions from the court, about which instructions appellant makes no complaint, the jury decided the case on the facts against the appellant, and judgment has been entered accordingly. We fail to see that appellant has suffered any injury in the trial of this cause, by reason of any irregularities complained of, and therefore said assignments of error are overruled, and this cause is in all things affirmed; and it is so ordered.

### On Motion for Rehearing.

HIGHTOWER, C. J. At a former day of this term, the judgment of the lower court in this case was affirmed, and same is now before us on appellant's motion for rehearing. We have given the motion due consideration, and since we find no new point is raised, and since no additional authority is cited, and, believing that the case was correctly disposed of by the original opinion, the motion for rehearing will be overruled.

[6] We concede that the proceedings in the justice's court as regards the statement of appellee's claim there were very meager, but, when considered in connection with the citation issued thereon, which was duly served on appellant, we think the same ought to be held sufficient under the very liberal rules governing proceedings in such courts.